IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TANYA FULLER                                                                                                    PLAINTIFF

v.                                                           CIVIL NO. 20-2195

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                               DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Tanya Fuller, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on July 18, 2017,[2] alleging an inability to work due to bipolar disorder, severe depression, hip to left foot nerve damage, lower back problems, and vision problems.  (Tr. 296, 417).  An administrative hearing was held on September 4, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 200-240).

By written decision dated March 2, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff amended her alleged onset date to July 31, 2017. (Tr. 18, 537).

Specifically, the ALJ found Plaintiff had the following severe impairments: migraines; Grave's disease and secondary hypothyroidism; remote left knee and foot injury with chronic pain (other and unspecified arthropathies); obesity; substance addiction disorder (drugs); PTSD (posttraumatic stress disorder); a depressive disorder; and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR416.967(b) except she is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a marking clerk, a motel/hotel cleaner, and a routing clerk. (Tr. 38).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on August 31, 2020. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 19, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) the RFC is inconsistent with the evidence; and 2) substantial evidence does not support the ALJ's Step Five finding. (ECF No. 19). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 20). The Court has reviewed the entire transcript and the parties' briefs.

The Court notes that an ALJ "is not required to adopt all limitations proposed by a doctor, even if that doctor's opinion is accorded significant weight." *Cannady v. Colvin*, No. 4:14-CV-00372-NKL, 2015 WL139762, at *5 (W.D. Mo. Jan. 12, 2015). As the Eighth Circuit has explained, an ALJ need not "mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). In determining Plaintiff's RFC, the ALJ discussed the opinions of the non-examining medical consultants (Drs. Charles Friedman, Jon Etienne Mourot, Kristin Jarrard and Margaret Podkova), the examining medical consultants (Drs. Kathleen Kralik, Terry Efird, Clifford Evans, and Ted Honghiran), and Plaintiff's treating professionals (APRN Christina Metcalf, APN Tara Dane, and ANP Colleen Atchley). With each provider, the ALJ stated how persuasive he found each medical opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v.*

3

*Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). As noted by the ALJ, during the time period in question, Plaintiff was able to be the caretaker for her parents; to take care of her pets; to take care of her personal needs; to prepare simple meals; to do light household chores; to manage basic household financial matters; to drive; to shop in stores; and to watch television and play games on her phone. The Court finds substantial evidence supports the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a marking clerk, a motel/hotel cleaner, and a routing clerk. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of February 2022.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE